**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JAMES ORLANDO WASHINGTON,

      Petitioner,

          v.                              CAUSE NO. 3:26-CV-20-TLS-APR

WARDEN,

      Respondent.

**OPINION AND ORDER**

James Orlando Washington, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for rape and burglary under Case No. 45G02-0107-CF-154. Following a jury trial, on April 15, 2005, the Lake Superior Court sentenced him to 120 years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Washington argues that he is entitled to habeas relief because the sentencing court did not comply with *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, review of the electronic docket for the State courts strongly suggests that the petition is untimely.[1] The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. Washington was sentenced on April 5, 2005, and his direct appeal culminated in the Indiana Supreme Court's denial of transfer on July 20, 2006. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on October 18, 2006. *See* U.S. Sup. Ct. R. 13(1) (explaining petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (explaining when a State prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). The federal limitations period expired one year later on October 18, 2007. Though Washington initiated post-conviction proceedings in 2014 and pursued a successive petition in 2025, these

subsequent efforts did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Washington did not file the petition in this habeas case until January 8, 2026. Because Washington filed the habeas petition nearly two decades too late, it appears that the petition is untimely.

Washington asserts that he is entitled to equitable tolling because trial counsel, appellate counsel, and post-conviction counsel each advised Washington that he did not have a viable claim under *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). "It is the petitioner's burden to establish both of these points." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014). "Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter*, 840 F.3d at 870.

The State court docket indicates that Washington was appointed post-conviction counsel after he filed a petition for post-conviction relief in 2014. Because Washington did not have post-conviction counsel until 2014, post-conviction counsel could not have prevented Washington from filing a timely petition by October 18, 2007. It is also unclear how advice from trial counsel and appellate counsel on one claim could have dissuaded Washington from filing a timely habeas petition in which he could have asserted other claims. Notably, Washington pursued claims unrelated to *Blakely* and *Apprendi* on direct appeal and on post-conviction review. The record

3

further reflects that Washington pursued several post-conviction claims that post-conviction counsel had specifically told him lacked merit, which strongly suggests that Washington did not meticulously follow the advice of counsel. *Compare* ECF 1-1, *with Washington v. State*, 87 N.E.3d 53 (Ind. Ct. App. 2017).

Additionally, even if the untimely nature of the habeas petition could be fairly attributed to trial counsel and appellate counsel, Washington has not identified an extraordinary circumstance. Federal courts have held that "a garden variety claim of excusable neglect" does not amount to an extraordinary circumstance. *See, e.g., Holland v. Fla.*, 560 U.S. 631, 651–52 (2010); *Lombardo v. United States*, 860 F.3d 547, 553 (7th Cir. 2017); *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). A common example of garden-variety negligence is an attorney's erroneous understanding of the timeliness of a habeas petition. *See, e.g., Lombardo*, 860 F.3d at 554; *Taylor*, 724 F.3d at 811. In *Holland*, the Supreme Court of the United States found the petitioner had demonstrated an extraordinary circumstance because his attorney not only missed the filing deadline for a habeas petition but had failed to respond to many letters from his client over the course of several years asking about his habeas petition and imploring that it be timely file. 560 U.S. at 652. According to the Supreme Court, this course of conduct "constituted far more than garden variety or excusable neglect." *Id.* Failing to recognize a purportedly meritorious claim is more akin to missing a filing deadline than the egregious failure to communicate illustrated in *Holland*. Therefore, it does not appear that Washington has adequately demonstrated an extraordinary circumstance that prevented him from filing a timely habeas petition.

Washington also has not adequately demonstrated that he diligently pursued his rights through the date he filed this habeas petition. The State court docket reflects that Washington

challenged his case on direct appeal from 2005 to 2008, in post-conviction proceedings from 2014 to 2017, and in an application to pursue a successive petition for post-conviction relief in 2025. However, this timeline leaves significant gaps from 2008 to 2014 and from 2017 to 2025 for which Washington offers no account.

Based on the foregoing, the court is inclined to dismiss the petition as untimely. Nevertheless, in an abundance of caution, the court will allow Washington an opportunity to address the timeliness concerns before deciding whether to dismiss the petition pursuant to Section 2254 Habeas Corpus Rule 4.

As a final matter, the court observes that Washington has not resolved his filing fee status. To proceed with this case, Washington must either pay the filing fee in full or file a motion for leave to proceed *in forma pauperis* with his prison account summary for the last six months attached.

For these reasons, the court:

(1) ORDERS James Orlando Washington to file a response to this Order on whether the petition is untimely by April 24, 2026;

(2) ORDERS James Orlando Washington to resolve his filing fee status by April 24, 2026; and

(3) CAUTIONS James Orlando Washington, that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on April 2, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT