**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JAMES ORLANDO WASHINGTON,

      Petitioner,

          v.                     CAUSE NO. 3:26-CV-20-TLS-APR

WARDEN,

      Respondent.

**OPINION AND ORDER**

James Orlando Washington, a prisoner without a lawyer, filed a habeas corpus petition to

challenge his conviction for rape and burglary under Case No. 45G02-0107-CF-154. Following a

jury trial, on April 15, 2005, the Lake Superior Court sentenced him to 120 years of

incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the

petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief in the district court."

In a prior order, the court found that the petition appeared to be untimely but granted

Washington an opportunity to respond rather than immediately dismissing this case. ECF 5.

Washington has now responded, so the court will consider his arguments. To recap the prior

order, the court found that the federal limitations period started running on October 18, 2006, and

expired one year later on October 18, 2007. Consequently, the court found that Washington had

filed the habeas petition nearly two decades late. The court also found that Washington had not

demonstrated his entitlement to equitable tolling because, among other things, he did not have

post-conviction counsel until 2014 by which time the federal limitations period had long expired.

Consequently, the court found that deficient performance by post-conviction counsel could not have prevented Washington from filing a timely habeas petition.

In his response, Washington continues to assert that he is entitled to equitable tolling due to a lack of effective assistance of post-conviction counsel. He represents that the State of Indiana does not guarantee post-conviction counsel as a matter of right and that post-conviction counsel abandoned him. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "It is the petitioner's burden to establish both of these points." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014).

As detailed in the prior order, Washington received post-conviction counsel in 2014, while the federal limitations period expired in 2008. Consequently, ineffective assistance or even abandonment by post-conviction counsel, neither of which could have occurred until 2014, could not have prevented Washington from filing a timely habeas petition in 2008. It is similarly unclear how the State of Indiana's failure to guarantee post-conviction counsel could have prevented Washington from filing a timely habeas petition in 2008 when Washington took no efforts to initiate post-conviction proceedings prior to 2014. And it is equally unclear as to why any counsel assigned to represent Washington only in State post-conviction proceedings would have had any obligation to assist Washington with filing a timely habeas petition in federal court.

Washington further argues that his petition is timely because he did not discover the factual predicate of his claim until he spoke with a jailhouse lawyer in 2025. Under some circumstances, the federal limitations period will begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

due diligence." 28 U.S.C. § 2244(d)(1)(D). Washington's habeas claim is that the sentencing court did not comply with *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The factual predicate of his claim is that the trial court improperly increased his sentence by relying on aggravating factors that were not submitted to a jury. Assuming the truth of the factual predicate, Washington could have discovered it with due diligence when the trial court issued its sentence on April 15, 2005. The fact that Washington did not appreciate the legal significance of this factual predicate until 2025 does not render his habeas claim timely. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").

Finally, Washington argues that the court should excuse the untimely nature of his petition because his sentence amounts to a miscarriage of justice. He represents that "he unquestionably has a *Blakely* violation." ECF 8 at 3. A habeas petitioner can overcome untimeliness by establishing that the court's refusal to consider an untimely claim would result in a fundamental miscarriage of justice. *McQuiggin v. Perkins*, 569 U.S. 383, 394 (2013). To meet this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006).  In other words, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Washington offers no suggestion that he is actually innocent of the crimes of his conviction, and his claim that the trial court did not sentence him

properly does not satisfy the miscarriage-of-justice exception. Consequently, the miscarriage-of-justice exception does not excuse the untimely nature of his habeas claim.

Having considered Washington's timeliness arguments, the court concludes that his petition is untimely and that Washington has not asserted any valid excuse. Therefore, the court will dismiss the habeas petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Washington a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the petition is untimely;

(2) DENIES James Orlando Washington a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on May 14, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT